UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RITA ALLEN                                          CIVIL ACTION NO. 10-cv-1161

VERSUS                                              JUDGE WALTER

TANGO TRANSPORTATION                                MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Rita Allen ("Plaintiff) filed a charge of discrimination with the EEOC that complained her former employer, Tango Transport, Inc., discriminated against her based on her race and sex in violation of Title VII. Plaintiff alleged that she was fired for moving a company truck without permission but was told by management she would be rehired after six months. Plaintiff reapplied after six months but was told she would not be hired. Plaintiff alleged that a white male driver told her that he had been fired four times but rehired after the six months expired.

The EEOC issued a notice of right to sue that included a finding that the Agency was unable to conclude that the information it obtained established a violation of Title VII. The notice stated that Plaintiff could file a lawsuit based on her charge, but her "lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**, or your right to sue based on this charge will be lost." (emphasis in original).

Plaintiff, who is self-represented, filed a complaint with this court and was granted leave to proceed in forma pauperis. She failed to respond to a notice that her suit was subject

to dismissal for failure to make timely service, and the case was dismissed subject to the Plaintiff's right to seek reinstatement. Plaintiff filed a timely motion to reinstate the case, and it was granted. She was advised that she must serve Defendant and provide proof of service within 60 days. Plaintiff soon filed a **Motion for U. S. Marshal to Effect Service (Doc. 13)**, which is now before the court. Plaintiff is proceeding IFP, so the court must grant her request pursuant to Fed. R. Civ. Proc. 4(c)(3). The motion is **granted** but, because there is a serious question about the timeliness of the complaint, the Marshal is directed to withhold service until further order of the court.

As stated in the notice of right to sue, Title VII provides that claimants have 90 days after receipt of the notice to file a civil action. Courts have routinely dismissed cases in which the plaintiffs did not file a complaint until after the 90-day limitation expired. Plaintiff's notice stated that it was mailed on April 1, 2010. Plaintiff filed her complaint on July 19, 2010 (109 days after her notice was mailed) on a form provided by the court. The form asked Plaintiff to state the date she received the notice, but Plaintiff did not complete that portion of the form.

Courts have presumed various receipt dates ranging from three to seven days after a notice of right to sue was mailed. Taylor v. Books-A-Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002). Even it is assumed Plaintiff did not receive the April 1 mailing until April 10, 2010, her complaint would have been due with this court on July 9, 2010. Plaintiff did not file her complaint with the Clerk of Court until July 19, 2010, ten days past the deadline. It

appears, on the face of the complaint, that Plaintiff's case is subject to dismissal for untimeliness.

Plaintiff will be given an opportunity to respond to this timeliness issue before the court acts further upon it. Plaintiff must file a memorandum and any supporting evidence no later than **May 16, 2011** and explain why her complaint should not be dismissed for untimeliness.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of April, 2011.

/s/ MARK L. HORNSBY
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE